JUSTICE LEAPHART
delivered the Opinion of the Court.
¶1 Appellants Traci L. Dukes, as the personal representative of the Estate of Keith Dukes and on her own and her and Keith Dukes’s minor children’s behalf, and Sandra Henry, on behalf of her minor child (hereafter referred to as ‘Dukes”), brought this action against the City of Missoula (the City), Sirius Construction, Inc., Paradigm Architects, P.C., Carl Posewitz, the State of Montana, and the University of Montana. The City moved for summary judgment, and the District Court granted the City’s motion. Dukes appeals. We affirm.
¶2 The parties raise three issues:
¶3 1. Did the City have a duty to inspect the scaffold under §50-77-106, MCA (1997) (repealed 1999)?
¶4 2. Does the law of the case doctrine establish the City’s duty to inspect?
¶5 3. Was the City negligent per se?
¶6 We will address, instead, the issue whether this appeal is moot.
*157 BACKGROUND
¶7 Keith Dukes (Keith) helped erect the scaffold that he was using in a construction project on the University Theatre at the University of Montana in February 1998. The scaffold was insufficiently wide for its height, and, instead of securing it together with bolts, the workers had used wire. The City knew nothing about the scaffold or its inadequacies. Keith and another employee were on top of the scaffold when they decided they needed to move it to another location. Instead of climbing down to move it, Keith and the other employee at the top pulled the scaffold along while another employee pushed or pulled from the bottom. The scaffold fell over, and Keith was fatally injured. Inter alia, Dukes brought a negligence claim against the City under section 106 of Title 50, Chapter 77, Part 1, MCA (1997) (the Scaffold Act).
¶8 This is the second appeal to reach this Court concerning Keith’s tragic death. In Dukes v. Sirius Construction, Inc., 2003 MT 152, 316 Mont. 226, 73 P.3d 781, the City had moved the District Court to dismiss Dukes’s complaint under Rule 12(b)(6), M.R.Civ.P., alleging that the Occupational Safety & Health Act of 1970, Pub. L. No. 91-596, 84 Stat. 1590 (1970) (codified at 29 U.S.C. §651-678, 5 U.S.C. §5108, 5314-15, 7902, 15 U.S.C. §633, 636, 18 U.S.C. §1114) (OSH Act), and that the regulations the Occupational Safety and Health Administration had promulgated thereunder had preempted any duties the Scaffold Act imposed on the City. We concluded that the OSH Act did not preempt any duties contained in §50-77-106, MCA (1997) (repealed 1999).
¶9 In the meantime, Dukes had settled with Sirius Construction, Inc., for $1.8 million, and had stipulated to dismiss the State of Montana and the University of Montana with prejudice. The District Court had granted Paradigm Architects, P.C.’s, and Carl Posewitz’s motions for summary judgment. After losing its Rule 12(b)(6), M.R.Civ.P., motion in this Court, the City moved for summary judgment alleging that the City owed no legal duty to Keith under the Scaffold Act, and Dukes moved for summary judgment alleging the City was negligent per se under that act. The District Court granted the City’s motion and denied Dukes’s motion.
¶10 The Legislature first enacted the Scaffold Act in 1909. Act approved Mar. 6,1909, ch. 107,1909 Mont. Laws 151 (codified at Title 50, Chapter 77, Part 1, MCA) (hereinafter 1909 Scaffold Act). Originally, the sentence imposing an enforcement duty on the City was part of the same section that imposed a monetary fine for violating the *158 Scaffold Act. See 1909 Scaffold Act §5; §50-77- 106 and 107, MCA (1997). The 1909 Scaffold Act, §5, provided that
[a]ny person violating any of the provisions of the foregoing Sections shall be fined not less than One Hundred Dollars nor more than Two Hundred Dollars for each offense. It is hereby made the duty of the building inspector, his deputy or other authorities in any county, city, town or village in the State, through the county attorney or any other attorney, in case of failure of such owner, person or corporation to comply with this Act promptly, to take the necessary steps to enforce the provisions of this act.
(Codified at §69-1405, R.C.M. (1947), and §50-77-106 to 107, MCA (1997).) The plaintiffs brought this case to determine the nature and extent of this duty.
STANDARD OF REVIEW
¶11 The decision to grant summary judgment is a legal decision that we review de novo. Cole v. Valley Ice Garden, L.L.C., 2005 MT 115, ¶ 16, 327 Mont. 99, ¶ 16, 113 P.3d 275, ¶ 16. If the non-moving party fails to provide substantial evidence raising a genuine issue of material fact, the district court must decide whether the moving party is entitled to judgment as a matter of law. Cole, ¶ 16. Whether a party owed a legal duty to someone and the scope of that duty are questions of law. Henricksen v. State, 2004 MT 20, ¶ 21, 319 Mont. 307, ¶ 21, 84 P.3d 38, ¶ 21.
DISCUSSION
¶12 Dukes argues that, under the plain meaning of §50-77-106, MCA (1997) (repealed 1999), the City had a legal duty to inspect the scaffold. The City avers that it had no duty, and, if it had a duty, that duty arises only upon notice to the City. Relevant portions of the Scaffold Act, read as follows:
50-77-101. Scaffolds - definition - safety practices - liability. (1) As used in this part, “scaffold”or “scaffolding”means a temporarily elevated platform and its supporting structure that is used on a construction site to support a person, material, or both. The term includes a ladder or other equipment that is the exclusive route of access to the scaffold but does not include any other ladder or other mobile construction equipment.
(2) Employers and employees shall follow safety practices commonly recognized in the construction industry as well as *159 applicable state and federal occupational safety laws.
(3) Subject to the comparative negligence principles provided in Title 27, chapter 1, part 7, a contractor, subcontractor, or builder who uses or constructs a scaffold on a construction site is liable for damages sustained by any person who uses the scaffold, except a fellow employee or immediate employer, when the damages are caused by negligence of the contractor, subcontractor, or builder in the use or construction of the scaffold.
(4) If a person dies from an injury caused by the negligent use or construction of a scaffold, the right of action survives and may be prosecuted and maintained by the decedent’s heirs or personal representatives.
50-77-106. Building inspector to enforce chapter. It is hereby made the duty of the building inspector, his deputy, or other authorities in any county, city, town, or village in the state, through the county attorney or any other attorney, in case of failure of such owner, person, or corporation to comply with this chapter promptly, to take the necessary steps to enforce the provisions of this chapter.
50-77-107. Penalty for violation. Any person violating any of the provisions of the foregoing sections shall be fined not less than $100 or more than $200 for each offense.
¶13 It is noteworthy that, as of 1997, the codifiers had split the original §5 of the 1909 Scaffold Act (which encompassed both the fine and the duty to enforce) into two separate statutes, thereby giving rise to the argument that the building inspector/county attorney's duty to enforce the provisions of the Scaffold Act was not limited to seeking statutory penalties. See 1909 Scaffold Act, §5; §§ 50-77-106 to 107, MCA (1997).
¶14 Rather than restricting their scope to narrow clauses in a statutory scheme, courts will read the relevant statutes in their entireties; this gives courts the tools by which to effect the will of the Legislature. Kokoszka v. Belford (1973), 417 U.S. 642, 650, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374, 381, superseded by statute on other grounds, Carlson v. City of Bozeman, 2001 MT 46, ¶ 15, 304 Mont. 277, ¶ 15, 20 P.3d 792, ¶ 15; William N. Eskridge, Jr., et al., Cases and Materials on Legislation 830 (3rd ed. 2002). This canon of construction is the Whole Act Rule. William N. Eskridge, Jr., et al., Cases and Materials on Legislation 830 (3rd ed. 2002).
¶15 Parties must present a justiciable controversy before a court *160 can consider the merits of an issue, and this Court can question the justiciability of any controversy sua sponte because neither the United States Constitution nor the Montana Constitution has granted this Court the power to decide nonjusticiable questions. Dennis v. Brown, 2005 MT 85, ¶ 8, 326 Mont. 422, ¶ 8, 110 P.3d 17, ¶ 8; see Roosevelt v. Dept. of Revenue, 1999 MT 30, ¶ 47, 293 Mont. 240, ¶ 47, 975 P.2d 295, ¶ 47. In this case, §50-77-101(3), MCA (1997), and not §50-77-106, MCA (1997) (repealed 1999), addresses liability under the Scaffold Act. Specifically, § 50-77-101(3), MCA (1997), lists three parties who are liable for injuries caused by their negligence in using or constructing the scaffold: “a contractor, subcontractor, [and] builder.” Under the canon expressio unius estexclusio alterius, we interpret the expression of one thing in a statute to imply the exclusion of another. State v. Good, 2004 MT 296, ¶ 17, 323 Mont. 378, ¶ 17, 100 P.3d 644, ¶ 17. Clearly, the Legislature did not intend to impose liability on any “county, city, town, or village,” under the Scaffold Act, or it would have listed those parties along with contractors, subcontractors, and builders. See Tate v. Ogg (Va. 1938), 195 S.E. 496 (deciding that a statute applying to “any horse, mule, cattle, hog, sheep, or goat” did not apply to turkeys).
¶16 This interpretation of the Scaffold Act comports with our interpretation of the Scaffold Act in State ex rel. Great Falls National Bank v. District Court (1969), 154 Mont. 336, 344-45, 463 P.2d 326, 330-31 (interpreting the 1909 Scaffold Act codified at §§69-1401 to - 1405, R.C.M. (1947)) (italics added), where we held:
In our view neither the language nor the purpose of the Scaffold Act suggests any intention by the legislature to grant multiple remedies or damages to injured workmen by granting one recovery against the landowner, another recovery against the general contractor, a third recovery against the subcontractor using the scaffolding, and so on ad infinitum. On the contrary it is clear to us from the language of the Act construed in the light of its purpose that the legislature intended only to make the injured workman whole by granting him relief to the extent of his injuries and damages against the person, firm or corporation having direct and immediate control of the work involving the use of scaffolding.
We interpreted the Scaffold Act as requiring only those having direct and immediate control of the work involving the scaffold to make injured workers whole. Under Great Falls National Bank, because the City had no control over the work, the statute did not require the City *161 to make Keith whole.
¶17 The version of the Scaffold Act that we interpreted in Great Falls National Bank was even less specific at delineating liable parties than § 50-77-101(3), MCA (1997), but we interpreted the Scaffold Act to have delineated those parties nonetheless. The version effective in February 1998 specifically listed the “contractor, subcontractor, [and] builder.” Section 50-77-101(3), MCA (1997). If the more general version of the Scaffold Act limited liability to “the person, firm or corporation having direct and immediate control of the work involving the use of scaffolding,” as we concluded in Great Falls National Bank, 154 Mont. at 345, 463 P.2d at 331, a fortiori, the more specific version limits recovery to the contractor, subcontractor, and builder.
¶18 In arguing that the Scaffold Act imposed liability on the City for failing to inspect, the dissent cites to lobbyist statements. In 1999, concerned over such liability, the Montana League of Cities and Towns successfully lobbied for the repeal of §50-77-106, MCA (1997). An Act Removing the Building Inspector Responsibility to Enforce the General Provisions of Construction Site Health and Safety; Repealing Section 50-77-106, MCA; and Providing an Immediate Effective Date: Hearing on HB 229, Before the House Comm. on Bus. and Labor, 1999 Leg., 56th Sess. Jan. 14 p. 3 (Mont. 1999) (statement of Alec Hanson, proponent, League of Cities and Towns); Act Approved Apr. 5, 1999, ch. 232, 1999 Mont. Laws 748. Needless to say, interpretations of the law by legislative lobbyists are not binding on an appellate court. Furthermore, contrary to the dissent’s protestations, the question is not whether the Scaffold Act imposed a duty to inspect. The question is, even assuming the City had a duty to inspect, did violation of that duty give rise to liability for injuries to a worker?
¶19 [3] Assuming the City had a duty to inspect the scaffold and assuming it breached that duty, Dukes’s claim under the Scaffold Act must fail since the Scaffold Act imposes liability only on certain entities, not including cities. Section 50-77-101(3), MCA (1997). This holding is consistent with the fact that, as pointed out earlier, the Scaffold Act originally had one section that encompassed both the monetary penalty and the inspector’s duty to enforce. The sentence requiring the building inspector, acting through the county attorney, to enforce the provisions of the Scaffold Act followed immediately after the establishment of the fine and must be read in that context. Since the Scaffold Act does not impose liability on cities, the questions whether the City had a duty to inspect under the Scaffold Act and whether it was negligent per se for violating that duty are moot. ‘This *162 Court affirms a district court’s results if those results are correct even if the district court reached that result for the wrong reason.” Dennis, ¶6.
¶20 Affirmed.
CHIEF JUSTICE GRAY, JUSTICES WARNER and MORRIS concur.