No. 03-492

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 323

ANDY SKINNER and CAROL SKINNER,

          Plaintiffs, Respondents and Cross-Appellants,

   And

DANIEL GLOVER,

          Intervenor,

   v.

ALLSTATE INSURANCE COMPANY and
SAFECO INSURANCE COMPANY,

          Defendants and Appellants.

APPEAL FROM:    The District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV-99-521,
Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

             G. Curtis Drake, Keller, Reynolds, Drake, Johnson & Gillespie, P.C.,
Helena, Montana

        For Respondents:

             Robert T. Cummins, Attorney at Law, Helena, Montana

             Norman H. Grosfield, Utick & Grosfield, Helena, Montana (Glover)

             Submitted on Briefs:  June 18, 2004

                  Decided:  December 20, 2005

Filed:

                                 Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Allstate Insurance Company (Allstate) appeals from the findings of fact, conclusions of law, and denial of a post-trial motion to amend the judgment entered by the First Judicial District Court, Lewis and Clark County, in a declaratory judgment action to determine rights under an insurance policy. Andy Skinner and Carol Skinner (Skinners) cross-appeal the denial of a post-trial motion for attorney fees and costs, and they join Daniel Glover (Glover), Intervenor, in responding to Allstate. The District Court held that the Skinners had insurance coverage under their Allstate Personal Umbrella Policy (umbrella policy) for a suit filed against them by Glover for injuries he sustained while working as a carpenter on the construction of the Skinners' residence. We reverse in part and remand.

¶2     We consider the following issue on appeal:

¶3     Did the District Court err in concluding that Allstate had a duty to indemnify Andy Skinner for damages he potentially owes in a separate action filed by Glover against Skinner?

BACKGROUND

¶4     The Skinners, as individuals, contracted with their business, Skinner Enterprises, Inc. (SEI), to build them a house at Hauser Lake near Helena, Montana. The Skinners are the sole shareholders of SEI, a C corporation which has been in construction and other businesses for thirty-five years. Glover was employed by SEI as a carpenter on August 14, 1998, when, during the course of his work on the construction of the Skinners' house, he was injured. At the time of the injury, the Skinners carried business insurance through other companies, but Andy Skinner also carried a homeowner's umbrella policy with Allstate.

2

¶5 On November 3, 1998, Glover filed a third-party claim seeking recovery from the Skinners. The Skinners sought defense to Glover's suit under a primary homeowner's policy from Safeco Insurance Company (Safeco) as well as under the umbrella policy from Allstate. Both companies refused either liability or defense coverage relating to Glover's suit.

¶6 On August 9, 1999, the Skinners filed a declaratory judgment action against Safeco, Allstate, United States Fidelity and Guaranty Company (USF&G), and the State Compensation Insurance Fund (State Fund) to determine defense, coverage, and indemnification obligations to the Skinners for Glover's claim under their various business, workers' compensation, and personal liability policies. The State Fund was subsequently removed as a party by stipulation, and USF&G was dismissed through summary judgment. On October 23, 2000, Glover joined the Skinners' declaratory judgment action as an Intervenor. In November 2001, Allstate began providing a defense for the Skinners in the underlying personal injury action filed by Glover. However, Allstate has maintained throughout the course of the declaratory action that it has no obligation to defend under the policy.

¶7 On July 15-16, 2002, the District Court held a bench trial for the purpose of determining whether coverage existed under the Skinners' Safeco or Allstate personal homeowner's insurance policies for Glover's claims. At trial, Andy Skinner testified that all of his actions on the Hauser Lake property regarding the construction of the home were pursuant to his position as an officer or employee of SEI, not as an individual.

3

¶8 The District Court thereafter determined that on August 14, 1998, the date of the accident, the Skinners did not have a Safeco primary insurance policy in effect, and, therefore, Safeco had no duty either to defend or indemnify the Skinners for Glover's claims. However, the District Court, concluding that the Allstate homeowner's umbrella policy was in effect at the time of the accident and that it provided excess liability insurance coverage for the Skinners, stated the following:

Conclusions of Law

. . . .

9. Allstate contends that because Andy Skinner's involvement in the construction project was as a representative of Skinner Enterprises and not as an individual, the business pursuits exclusion of the Allstate policy applies. Glover was working for Skinner Enterprises and Skinner Enterprises was doing the work. However, the Skinners as individuals, not Skinner Enterprises, own the property. The evidence shows that Andy was building the home as a secondary residence. Therefore, he potentially could be personally liable as the homeowner for any injuries Glover may have sustained while working on the home. For these reasons, the Court concludes that the business pursuits exclusion does not apply.

10. Although no primary policy of insurance was in effect on August 14, 1998, Andy would be considered to be self-insured for the first $50,000 of any potential recovery by Glover. Therefore, if Glover recovers a judgment against the Skinners, Allstate would be liable for any amount in excess of $50,000.

¶9 Allstate filed a motion to amend the trial court's judgment, seeking judgment in its favor. The Skinners filed a post-trial motion requesting attorney fees and costs. The District Court did not rule on the motions, which were deemed denied by operation of Rule 59(g), M.R.Civ.P. Allstate then appealed the District Court's findings of fact, conclusions of law and final judgment, as well as its denial of Allstate's post-trial motion to amend the

4

judgment. The Skinners appealed the District Court's denial of its post-trial motion for attorney fees and costs. However, the Skinners joined the brief filed herein by Intervenor Glover, and did not separately brief issues raised in their post-trial motion. Those issues, therefore, have been abandoned on appeal, and we do not address them.

STANDARD OF REVIEW

¶10 "Our standard of review pertaining to a district court's conclusions of law, in rendering a declaratory judgment, is to determine if the court's interpretation of the law is correct." *City of Great Falls v. Dir. of the Dep't of Pub. Health and Human Servs.*, 2002 MT 108, ¶ 10, 309 Mont. 467, ¶ 10, 47 P.3d 836, ¶ 10.

DISCUSSION

¶11 Did the District Court err in concluding that Allstate had a duty to indemnify Andy Skinner for damages he potentially owes in a separate action filed by Glover against Skinner?

¶12 Allstate contends the District Court erred in concluding that the Skinners had coverage for Glover's claim under their umbrella policy because the Skinners produced no evidence at trial that Andy Skinner was acting in an individual capacity at the time of Glover's injuries; because the Skinners produced no evidence at trial that the SEI corporate veil should be pierced, thereby exposing the Skinners to individual liability; and because Glover's receipt of workers' compensation payments from the State Fund on behalf of Andy Skinner, individually, constitutes an exclusion under the umbrella policy.

¶13 The Skinners and Glover acknowledge that Andy Skinner believes his actions on the job site were performed exclusively in the capacity of officer or employee of SEI. They

5

assert, however, that since the evidence at trial established that the Skinners were building the Hauser Lake home as a personal residence, the *potential* existed for the jury in the underlying action to disagree with Andy Skinner and to find him personally liable. Thus, they argue that the District Court correctly ruled that the umbrella policy provided applicable coverage.

¶14    The parties focus their arguments, understandably, on whether "coverage" was due to the Skinners.[1]  In this context, however, whether "coverage" was due refers both to whether Allstate owed Andy Skinner a duty to defend him in the underlying action and to whether Allstate had a duty to indemnify Andy Skinner in the event he was found personally liable to Glover. The Skinners' Complaint in the declaratory action states in part:

> [T]he Plaintiffs pray as follows:
>
> 1.  That the Defendants accept liability for and provide a defense with counsel in both of the actions referred to set forth [sic] above;
>
> 2.  To be indemnified for their expenses and damages awarded, if any, against them from either of the referenced actions herein . . . .

The first part of this prayer for relief, as applied to Allstate as a defendant, requests the District Court to impose upon Allstate a duty to defend the Skinners against Glover. The second part specifically requests the District Court to rule that, if the court in the underlying action finds Andy Skinner personally liable for his injuries, then the umbrella policy would apply and Allstate would have a duty to indemnify Andy Skinner and would be responsible

_____

[1]It is not clear from the record whether the Allstate policy covers, in a general sense, only Andy Skinner or both Andy and Carol Skinner. Nothing in this opinion is meant to resolve this issue.

to pay any damages in excess of $50,000. Notably, the Skinners did not request the District Court to decide whether Andy Skinner was *actually* personally liable for Glover's injuries. Indeed, in their response to Allstate's post-trial motion to amend the judgment, the Skinners stated, "The instant action was over insurance coverage, not one for determining liability or damages as that is left to the Glover action." Because it did not resolve the issue of Andy Skinner's liability, however, the District Court's ruling with respect to Allstate's duty to indemnify was speculative. Therefore, as explained below, Allstate's duty to indemnify was a non-justiciable question, and the District Court erred in considering it.

¶15 Justiciability is determined by a three-part test:

> First, a justiciable controversy requires that parties have existing and genuine, as distinguished from theoretical, rights or interest. Second, the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion. Third, [it] must be a controversy the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment as to constitute the legal equivalent of all of them.

*Northfield Ins. Co. v. Montana Ass'n of Counties*, 2000 MT 256, ¶ 12, 301 Mont. 472, ¶ 12, 10 P.3d 813, ¶ 12 (quoting *Brisendine v. State, Dept. of Commerce* (1992), 253 Mont. 361, 364, 833 P.2d 1019, 1020-21) (brackets in original). In addition,

> [w]e apply the justiciable controversy test to actions for declaratory judgment to prevent courts from determining purely speculative or academic matters, entering anticipatory judgments, providing for contingencies which may arise later, declaring social status, dealing with theoretical problems, answering moot questions, or giving abstract or advisory opinions.

*Northfield*, ¶ 12. This Court may raise the question of justiciability sua sponte. *Dukes v. City*

*of Missoula*, 2005 MT 196, ¶ 15, 328 Mont. 155, ¶ 15, 119 P.3d 61, ¶ 15.

¶16    In concluding that the umbrella policy did apply in the case before it, the District Court seems to have conflated the law on the duty to defend and the duty to indemnify, which are separate issues. In *Travelers Cas. & Sur. Co. v. Ribi Immunochem Research*, 2005 MT 50, ¶ 40, 326 Mont. 174, ¶ 40,108 P.3d 469, ¶ 40 (citations omitted), we explained when the duty to defend arises:

> We apply the "four-corners" rule as the policy's language determines an insurer's duty to defend its insured. The acts giving rise to the claim form the basis for coverage, not any legal theories contained in the underlying complaint. Simply put, if the asserted claim is not covered by the policy, then the insurer has no duty to defend the insured.

"The duty to defend is independent from and broader than the duty to indemnify created by the same insurance contract." *Farmers Union Mut. Ins. Co. v. Staples*, 2004 MT 108, ¶ 21, 321 Mont. 99, ¶ 21, 90 P.3d 381, ¶ 21 (*Staples*).[2] Thus, even when a court concludes that "coverage" applies such that an insurer must defend the insured, a fact-finder may later reach a decision on the disputed facts and conclude that an insurer has no duty to indemnify. *See Staples*, ¶¶ 22-26. However, in a declaratory judgment action, if there remain unresolved related issues in the underlying action that may ultimately affect whether an insurer has a

---

[2]In *Mt. W. Farm Bureau Mut. Ins. Co. v. Brewer*, 2003 MT 98, ¶ 36, 315 Mont. 231, ¶ 36, 69 P.3d 652, ¶ 36, this Court stated, "We decline to further propagate the arbitrary legal fiction that a substantive distinction exists between a breach of the duty to defend and the breach of the duty to indemnify." However, this statement was solely in the context of our holding that courts can award attorney fees in appropriate cases where an insured has established an insurer's *breach* of its duty to indemnify, just as was previously permitted in cases where an insured had established an insurer's breach of its duty to defend. The lack of distinction between the two concepts was not meant to, and does not, apply in all contexts.

duty to indemnify, issuing a ruling on indemnity obligations is premature. *See Northfield*, ¶¶ 11, 14, 23.

¶17    In *Northfield*, inmates at the Park County Detention Center filed a class action lawsuit in federal district court alleging negligence, violations of constitutional rights, and infliction of emotional distress on the part of the sheriff and several jailers in relation to alleged sexual abuse. *Northfield,* ¶ 3. The Montana Association of Counties, Joint Powers Insurance Authority (MACO) was the insurer for the defendants, and Northfield Insurance Company (Northfield) and Lloyds of London (Lloyds) were secondary insurers for MACO. *Northfield*, ¶ 4. Northfield and Lloyds brought a state action seeking a declaratory judgment that they had no duty to indemnify MACO for the claims before the federal court. *Northfield*, ¶ 4. In affirming the district court's dismissal of the declaratory action for non-justiciability, this Court stated, "It simply is not appropriate to determine whether the conduct of the insureds in the present case falls within the exclusions of the Policy prior to a determination or stipulation as to the underlying facts . . . ." *Northfield*, ¶ 23. In distinguishing the case from our holding in *Ridley v. Guaranty Nat. Ins. Co.* (1997), 286 Mont. 325, 951 P.2d 987 (reversing the district court's dismissal for non-justiciability and holding that an action for declaratory judgment need not resolve all issues between the parties), we noted that in *Ridley* the "legal issue presented for declaratory judgment . . . was separate from, and would not be affected by, a final resolution of the liability issue," and that "while a declaratory judgment need not resolve all issues between the parties, it must resolve those issues addressed in a

manner that will have the effect of a final adjudication." *Northfield*, ¶ 27. This Court went

on to hold in *Northfield* that

> [t]he judicial determination Northfield and Lloyds seek would serve only as
> speculative advice, subject to possible amendment or nullification upon final
> resolution of the underlying federal case; it would not act as a final
> adjudication on the indemnification issue. The justiciable controversy test is
> designed to prevent judgments from resting on such shifting sands.

*Northfield*, ¶ 28. Thus, where there remain unresolved relevant issues in the underlying case,

inseparable from the issues presented in the declaratory judgment action, the duty to

indemnify is not ripe for resolution.

¶18    Other jurisdictions support our law in this respect. In *Constitution Assocs. v. New*

*Hampshire Ins. Co*. (Colo. 1996), 930 P.2d 556, the Supreme Court of Colorado considered

two cases concerning actions for declaratory relief filed by insurance companies to determine

their obligations to their respective insureds in the underlying lawsuits prior to the issuance

of judgments in those cases. The Court provided a useful summary of the relevant concepts:

> [A]n anticipatory action for declaratory relief must . . . concern issues that are
> independent of and separable from those in the underlying case. Without
> meeting this standard, a trial court should refuse to hear the action because of
> the potential prejudice to the parties in the underlying case.
>
> For example, where it could unduly prejudice the insured in the
> underlying action, a declaratory judgment action prior to entry of a judgment
> against the insured is not independent and separable and is inappropriate.
>
> . . . .
>
> The independent and separable standard helps to clarify some confusion
> in the law regarding the interrelationship between an anticipatory declaratory
> judgment action and the insurer's duty to defend versus the insurer's duty to
> indemnify. The duty to defend pertains to the insurance company's duty to
> affirmatively defend its insured against pending claims. The duty to indemnify

relates to the company's duty to satisfy a judgment entered against the insured. The duty to defend is triggered more easily than is the duty to indemnify. Generally, the duty to defend arises where the alleged facts even potentially fall within the scope of coverage, but the duty to indemnify does not arise unless the policy actually covers the alleged harm. Where there is no duty to defend, it follows that there can be no duty to indemnify. However, where there is a duty to defend, there is not necessarily a duty to indemnify.

*Constitution Assocs.*, 930 P.2d at 562-63 (citations and footnotes omitted). This precept of lawBthat, in a declaratory judgment action, the issue of an insurer's duty to indemnify lacks ripeness when the underlying case has yet to resolve inseparable issuesBenjoys widespread support. *Pettit v. Erie Ins. Exch.* (Md. Spec. Ct. App. 1997), 699 A.2d 550, 554, aff'd, 709 A.2d 1287 (Md. 1998); *Nationwide Ins. v. Zavalis* (7th Cir. 1995), 52 F.3d 689, 693 (construing Pennsylvania law); *Guaranty Nat'l Ins. Co. v. Beeline Stores* (M.D. Ala. 1996), 945 F.Supp. 1510, 1514-15; *David Kleis, Inc. v. Superior Court* (Cal. Ct. App. 1995), 44 Cal.Rptr.2d 181, 186-87; *North Pac. Ins. Co. v. Wilson's Distrib. Serv.* (Or. Ct. App. 1995), 908 P.2d 827, 832; *Illinois State Medical Ins. Servs. v. Cichon* (Ill. App. Ct. 1994), 629 N.E.2d 822, 825-26.

¶19    In the present case, the Skinners effectively requested two rulings from the District Court. First, they sought a judgment that Allstate had a duty to defend them in the suit against Glover. Second, they asked for a ruling that, should Andy Skinner be found personally liable in the underlying case, the umbrella policy would cover any damages in excess of $50,000. The first request was justiciable but was simply not addressed by the District Court's order.[3] The second was non-justiciable because it would be a speculative

_____

[3]We acknowledge that a possible reading of Conclusion of Law 9, see & 8 above, is

11

ruling based on issues inseparable from the underlying action. No court had yet decided the issue of Andy Skinner's personal liability to Glover, which was a relevant issue (perhaps *the* relevant issue) in Glover's action against Skinner. Therefore, the District Court could not properly find, based on the idea that Skinner could "potentially" be liable, that the umbrella policy's business pursuits exclusion did not apply, nor could it conclude that "if Glover recovers a judgment against the Skinners, Allstate would be liable for any amounts in excess of $50,000." In doing otherwise, the District Court's ruling was not "a final adjudication on the indemnification issue" but rather "speculative advice, subject to possible amendment or nullification upon final resolution of the underlying" case. *Northfield*, ¶ 28. Consequently, we reverse the District Court's order with respect to its conclusions of law regarding the Allstate umbrella policy.

¶20     We cannot discern from the record whether Allstate's duty to defend remains at issue because the District Court's order did not address the issue separately, focusing only on the duty to indemnify. Further, as noted in ¶ 8 above, the District Court ruled that the Safeco policy was not in effect at the time Glover suffered his injury. The District Court also deemed Andy Skinner to be self-insured for the first $50,000 in any potential damages. However, the District Court did not resolve how these rulings bear on the interpretation of language in the Allstate umbrella policy that required an underlying primary policy to be in effect, leaving unsettled the status of any duty Allstate may have to defend the Skinners in

that the District Court ruled that the umbrella policy's business pursuits exclusion does not apply for the purpose of determining Allstate's duty to defend. However, given its context, we conclude that it is meant to speak to Allstate's duty to indemnify.

12

the underlying action, apart from a duty to indemnify. It is inappropriate for this Court to resolve the question here without the benefit of a ruling by the District Court and briefing by the parties.[4]

¶21    Therefore, we reverse the District Court's order with respect to its conclusions of law regarding the Allstate umbrella policy, and we remand the cause for any proceedings that may be necessary to resolve the question of Allstate's duty to defend, if it remains at issue. In light of our holding herein, we need not address other issues argued by the parties.

¶22    Reversed in part and remanded.


/S/ JIM RICE

---

[4]The umbrella policy states in part: "Allstate will defend an insured if sued as the result of an occurrence covered by this policy . . . . If the insured fails to maintain Required Underlying Insurance, we will not defend for any amount of damages falling within the limits that should have been maintained.

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER