No. 04-103

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 19

CONRAD and TERESA STROEBE,
Husband and Wife,

Plaintiffs and Appellants,

v.

STATE OF MONTANA,

Defendant and Respondent.

APPEAL FROM:     The District Court of the First Judicial District,
                 In and For the County of Lewis and Clark, Cause No. CDV 2001-325,
                 Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

          For Appellants:

               Lawrence A. Anderson, Attorney at Law, Great Falls, Montana

          For Respondent:

               Honorable Mike McGrath, Attorney General; Chris D. Tweeten, Chief
               Civil Counsel, Helena, Montana

                                        Submitted on Briefs:  December 8, 2004

                                        Decided:  January 24, 2006

Filed:

          _____
                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Conrad and Teresa Stroebe (Appellants) appeal from the order entered by the First Judicial District Court, Lewis and Clark County, granting the State's Motion to Dismiss the Second Amended Complaint pursuant to Rule 12(b)(6), M.R.Civ.P. We affirm.

¶2 The Appellants raise the following issues on appeal:

¶3 Did the District Court err by concluding that the Appellants brought this action as taxpayers and, as such, lacked standing to challenge Montana's school funding system under the equitable funding of education provision of Article X, Section 1 of the Montana Constitution?

¶4 Is equality of educational opportunity a fundamental constitutional right under Montana's Constitution?

¶5 Did the District Court err by denying the Appellants' motion to summarily judge Montana's school funding system unconstitutional?

¶6 Because we conclude that this matter is no longer justiciable, we decline to address the issues raised by the Appellants herein.

## BACKGROUND

¶7 The Appellants filed suit in the District Court challenging the constitutionality of Montana's system of funding public schools. Their complaint claimed that the system violated equal protection, due process, the "Tax Purposes" Clause (Article VIII, Section 1, denominated their "uniform taxation" claim), and the "Property Tax Administration" Clause (Article VIII, Section 3, referred to as the "tax equalization doctrine"). In an order dated September 30, 2002, the District Court dismissed the Appellants' complaint, concluding that

2

the claims as alleged must fail. Thereafter, the court granted the Appellants leave to amend their pleadings, and, in their Second Amended Complaint ("Complaint" hereinafter), the Appellants alleged that the State violated "the equitable funding provisions of Article X, Sect. 1 (3)" of the Montana Constitution "because the system of funding the state's share of the base budget arbitrarily and capriciously imposes different mill levies on like taxpayers." In support of the Complaint, Conrad Stroebe submitted an affidavit in which he averred that he and his wife were both public school board members and parents of students in Montana public schools.

¶8 The State moved to dismiss the Complaint for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6), M.R.Civ.P., arguing that the Appellants lacked standing to bring suit under Article X, Section 1(3). The Appellants responded by moving for summary judgment, requesting that the District Court declare the school funding system unconstitutional as violating the Public Schools Clause of Article X. In its order of December 3, 2003, the District Court granted the State's motion, concluding that the Appellants had clearly brought the action as taxpayers, and that the Public Schools Clause does not convey standing to taxpayers to bring suit. Further, the District Court denied the Appellants' motion for summary judgment. The Stroebes appeal.

STANDARD OF REVIEW

¶9      "We review a district court's ruling on a motion to dismiss pursuant to Rule 12(b)(6),

M.R.Civ.P., *de novo*." *Cowan v. Cowan*, 2004 MT 97, ¶ 10, 321 Mont. 13, ¶ 10, 89 P.3d 6,

¶ 10.

DISCUSSION

¶10     Is the question whether Montana's school funding system satisfies the equitable

funding provisions of Article X, Section 1(3) of the Montana Constitution currently

justiciable?

¶11     The parties offer countering arguments regarding the District Court's dismissal of the

action for the Appellants' lack of standing.  The Appellants contend that the District Court

erred in concluding that they brought their action only as taxpayers because they are also

parents of children in the public schools and as members of public school boards, referencing

their supporting affidavit.  Alternatively, the Appellants argue that, even if they brought the

action only as taxpayers, that status is sufficient to confer standing under this Court's

decision in *Helena Parents Comm'n v. Lewis and Clark County Comm'rs* (1996), 277 Mont.

367, 922 P.2d 1140.

¶12     The State responds that the District Court correctly found that the Appellants based

their Complaint entirely on their status as taxpayers, not as parents or public school board

members on behalf of students, and that the Appellants' taxpayer status was sufficient only to

bring their "uniform taxation" and other tax-related constitutional claims.  Because the

Appellants offer no argument on appeal regarding these other claims, the State argues that we

should affirm the District Court's holdings thereon.  However, except for their equal

4

protection argument, mentioned below, the Appellants do not challenge the District Court's other rulings on appeal, and thus, we do not address them.

¶13    Beyond standing, the Appellants argue for the relief they ultimately seek—for this Court to "direct the entry of summary judgment holding Montana's school-funding system unconstitutional." The Appellants argue that the school system is more inequitably funded now than it was at the time it was declared unconstitutional by this Court in *Helena Elementary School District No. 1 v. State* (1989), 236 Mont. 44, 769 P.2d 689. Asserting that educational opportunity is a fundamental right, the Appellants argue that the District Court erred by applying a rational basis test and in holding that the school funding system did not violate equal protection.

¶14    Standing is part of the larger question whether a controversy is justiciable. The question of justiciability of a matter may be raised by the Court *sua sponte*. *Skinner v. Allstate Ins. Co.*, 2005 MT 323, ¶ 15, 329 Mont. 511, ¶ 15, _ P.3d _, ¶ 15. Generally, justiciability is evaluated under a three-part test:

> First, a justiciable controversy requires that parties have existing and genuine, as distinguished from theoretical, rights or interest. Second, the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion. Third, it must be a controversy the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment as to constitute the legal equivalent of all of them.

*Skinner*, ¶ 15 (quoting *Northfield Ins. Co. v. Montana Ass'n of Counties*, 2000 MT 256, ¶ 12, 301 Mont. 472, ¶ 12, 10 P.3d 813, ¶ 12) (brackets omitted).

5

¶15 Recently, we addressed the constitutionality of Montana's school funding system in *Columbia Falls Elementary Sch. Dist. No. 6 v. State*, 2005 MT 69, 326 Mont. 304, 109 P.3d 257. We held therein that "the current school system is constitutionally deficient," *Columbia Falls*, ¶ 22, and we referred the matter to the Legislature for reform of the system. *Columbia Falls*, ¶ 31.

¶16 Also raised in *Columbia Falls* was the issue the Appellants raise here—whether the school funding system violates equal protection. *Columbia Falls*, ¶¶ 8, 38. Taking up this issue after holding the system unconstitutional as inadequately designed and funded, we stated as follows:

> The District Court concluded that the present system violates Article X, Section 1(3), of the Montana Constitution (basic system of free quality public schools), but not Article II, Section 4 (equal protection). Since we have concluded that the present system violates Article X, Section 1(3), we need not address the question of whether the system complies with the Equal Protection Clause of Article II, Section 4. *See Helena Elementary*, 236 Mont. at 55, 769 P.2d at 691. Similarly, when the District Court concluded that the present system violates Article X, Section 1(3), it need not have addressed the Coalition's equal protection claim. Accordingly, we direct the District Court to vacate its conclusion that the system does not violate the Equal Protection Clause of Article II, Section 4, of the Montana Constitution.

*Columbia Falls*, ¶ 39.

¶17 Likewise, we here conclude that we need not address the Appellants' equal protection challenge to the school funding system. *Columbia Falls* requires that the system undergo reform, and, consequently, a further constitutional challenge to the funding system at this time is not "one upon which the judgment of the court may effectively operate." *Skinner*, ¶ 5. Indeed, the system as challenged by the Appellants has already been invalidated and is undergoing change. Regardless of what constitutional insufficiencies may have plagued the

6

previous funding system, the circumstances under which this action was brought have now sufficiently changed as a result of *Columbia Falls* that another judgment from this Court would come both too late and too early—that is, too late for the old system and too early for the new system. To render a decision now would not only interfere with our decision in *Columbia Falls*, but would decide a question that has been essentially mooted. Consequently, we hold that the equitable funding challenge raised herein by the Appellants is not currently justiciable.

¶18    The appeal is dismissed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER