FILED

April 5 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0374

DA 15-0374

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 85N

NATHAN GERALD KING,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:     District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDV114-144(B)
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Nathan Gerald King (Self-Represented), Shelby, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

            John Parker, Cascade County Attorney, Susan Weber, Deputy County Attorney, Great Falls, Montana

Submitted on Briefs:  March 9, 2016

Decided:  April 5, 2016

Filed:

                      Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Nathan Gerald King (King) was convicted of felony deliberate homicide and felony aggravated assault on September 23, 2011. King appealed his conviction to this Court, and we affirmed. *State v. King*, 2013 MT 139, 370 Mont. 277, 304 P.3d 1. King then filed a timely petition for postconviction relief (PCR) in the District Court, asserting two grounds for relief. First, King argued ineffective assistance of trial counsel based on his attorney's failure to designate which portions of the victim's mental health records (which were submitted in their entirety to the District Court for *in camera* inspection) should be admitted into evidence at trial. Second, King asserted that he is entitled to relief because he has discovered new evidence in the form of new memories of the incident that led to his convictions. The District Court denied King's PCR petition. King appeals the denial of his PCR petition. We affirm.

¶3     King raises four issues in his brief on appeal. As explained below, three of the issues are not properly before us because he raises them for the first time on appeal. The fourth issue, King's ineffective assistance of counsel claim, is properly before us because

2

it was raised in his PCR petition. The newly discovered evidence claim that King also raised in his PCR petition has been abandoned on appeal.

¶4 King argues for the first time on appeal that Montana's justifiable use of force statutes are unfairly vague; that this Court should reconsider its previous denial of his petition for supervisory control, *see King v. Mont. Eighth Judicial Dist. Court*, 2015 Mont. LEXIS 509 (September 1, 2015) (OP 15-0505); and that King received ineffective assistance of counsel because his attorney did not seek a writ of supervisory control before trial. However, "[a] postconviction claim that is not raised in an original or amended original petition cannot be raised for the first time on appeal." *Sanders v. State*, 2004 MT 374, ¶ 14, 325 Mont. 59, 103 P.3d 1053 (citing *State v. Garner*, 2001 MT 222, ¶ 45, 306 Mont. 462, 36 P.3d 346; § 46-21-105(1)(a), MCA). We therefore decline to address these three arguments. We also decline to address the newly discovered evidence argument King raised in his original petition but did not address on appeal. *See, e.g., Ford v. State*, 2005 MT 151, ¶ 35, 327 Mont. 378, 114 P.3d 244 (finding that "we have no occasion to review the District Court's decision" when the appellant abandoned certain contentions on appeal); *Skinner v. Allstate Ins. Co.*, 2005 MT 323, ¶ 9, 329 Mont. 511, 127 P.3d 359 (noting that a party did not brief certain issues on appeal and "[t]hose issues, therefore, have been abandoned on appeal, and we do not address them").

¶5 King's fourth and final claim—that his attorney's failure to highlight selected portions of the victim's mental health records constituted ineffective assistance of counsel because it prevented those portions from being admitted into evidence—is

properly before this Court because it was raised in his original PCR petition. The District Court denied the petition because it found that "the evidence [King] is complaining had no chance of being presented to the jury was in fact presented through both physical evidence and [the attorney's] statements," and that

> the failure of [King's attorney] to highlight or flag portions of [the victim's] mental health records is not the reason the records were not admitted. The admission of the mental health records [was] prohibited because, under the theory of the defense presented at trial, the introduction of the records was not permissible under the Montana Rules of Evidence.

¶6 In order to establish that his counsel was constitutionally deficient, King must show "that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948 (citing *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861). In order to show prejudice, King must "demonstrate a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Baca*, ¶ 17 (citing *State v. Hagen*, 2002 MT 190, ¶ 18, 311 Mont. 117, 53 P.3d 885). King must prove by a preponderance of the evidence that he is entitled to relief. *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473 (citing *State v. Peck*, 263 Mont. 1, 3-4, 865 P.2d 304, 305 (1993)).

¶7 King has not shown by a preponderance of the evidence that his attorney's performance was deficient or that he was prejudiced by an alleged deficiency. Even though King's attorney did not mark specific portions of the victim's mental health records for review by the District Court, it is evident from the District Court's lengthy

4

order addressing the admissibility of the records that the Court conducted a thorough review of those records. The District Court ultimately decided that the records were inadmissible, but this ruling was based upon an analysis of Montana Rules of Evidence 404(a), 404(c), and 405, and not upon King's attorney's failure to mark which portions of the record he wished to admit. Moreover, although the records themselves were inadmissible, King's attorney still was able to present some of the contents of those records to the jury. In his opening statement, King's attorney represented to the jury that the victim had been suicidal on the day of his death. Then during the defendant's case in chief, King's attorney played for the jury a taped statement in which King tells law enforcement that the victim was emotional and suicidal and that he had attempted suicide in the past. Thus, evidence regarding the victim's mental health was in fact presented to the jury, and King was not prejudiced by his attorney's failure to mark portions of the victim's mental health records for review by the District Court. King did not receive ineffective assistance of counsel.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court did not err in denying King's PCR petition.

¶9 Affirmed.

/S/ PATRICIA COTTER

5

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE