

FILED

08/10/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0385

DA 20-0385

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 203N

JAMIE MICHAEL JOHNSON,

    Petitioner and Appellant,

v.

STATE OF MONTANA,

    Respondent and Appellee.

FILED

AUG 10 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DV-19-14226
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jamie Michael Johnson, Self-Represented, Shelby, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

        Jed C. Fitch, Beaverhead County Attorney, Dillon, Montana

Submitted on Briefs:  May 5, 2021

Decided:  August 10, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jamie Michael Johnson (Johnson) appeals from the order of the Fifth Judicial District Court, Beaverhead County, denying his petition for postconviction relief without an evidentiary hearing. Johnson asserts that the District Court erred by denying his postconviction claim that trial counsel was ineffective for failing to move for substitution of the trial judge.[1] We affirm.

¶3 On April 19, 2016, Johnson was charged with four felony counts. At a bond hearing held on May 19, 2016, the District Court set Johnson's bail at $50,000 and ordered that Johnson's father could not post bail on his behalf.

¶4 A jury trial was held October 20 and 21, 2016. The jury returned guilty verdicts convicting Johnson of multiple counts. Johnson was subsequently sentenced to a ten-year commitment to the Montana State Prison followed by five years suspended.

¶5 Johnson's direct appeal of his conviction to this Court was dismissed pursuant to § 46-8-103(2), MCA, and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

---

[1] The record reveals Johnson raised several grounds for postconviction relief in the proceeding below, but in his briefing to this Court he raises only a single issue for appeal. Because a party who fails to brief certain issues on appeal is deemed to have abandoned the issues, *Skinner v. Allstate Ins. Co.*, 2005 MT 323, ¶ 9, 329 Mont. 511, 127 P.3d 359, we decline to address Johnson's other postconviction claims.

*See State of Montana v. Jamie Michael Johnson*, DA 17-0177, Or. (Mont. Jan. 29, 2019). Johnson subsequently filed his postconviction relief petition with the District Court asserting several grounds for relief and requesting an evidentiary hearing.

¶6 On June 2, 2020, the District Court issued an order denying Johnson's petition without an evidentiary hearing. Relevant to Johnson's claim that trial counsel was ineffective for failing to move for substitution of the trial judge, the District Court determined that "Johnson acknowledges the [trial court] lowered his bond by half at the bond hearing and he fails to show the outcome of the proceeding would have been different had the judge been substituted . . . ." The District Court further determined that "Johnson has not shown he suffered prejudice as a result of trial counsel's failure to substitute . . . the judge . . . ."

¶7 "We review a district court's denial of a petition for postconviction relief to determine whether that court's findings are clearly erroneous and whether its conclusions of law are correct." *Cheetham v. State*, 2019 MT 290, ¶ 7, 398 Mont. 131, 454 P.3d 673 (quotations omitted). An evidentiary hearing on a postconviction relief petition is discretionary, required only in "unique circumstances." *Heath v. State*, 2009 MT 7, ¶ 21, 348 Mont. 361, 202 P.3d 118. Ineffective assistance of counsel (IAC) claims are mixed questions of law and fact which we review de novo. *Cheetham*, ¶ 7. In analyzing IAC claims, we adhere to the "strong presumption that counsel's actions are within the broad range of reasonable professional assistance . . . ." *Heavygun v. State*, 2016 MT 66, ¶ 11, 383 Mont. 28, 368 P.3d 707

3

¶8 To prove IAC, a defendant must show: (1) that counsel's performance was deficient by falling below the objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. *Heavygun*, ¶ 10. Both prongs of the IAC test must be met for the defendant to prevail, and an insufficient showing on one prong eliminates the need to address the other prong. *Cheetham*, ¶ 9.

¶9 Section 3-1-804(1)(b), MCA, allows each adverse party in a criminal case to move for substitution of the trial judge without cause, as long as the motion is filed within ten calendar days after the defendant's arraignment. "We have held that defense counsel's decision not to move for substitution of a trial judge may constitute [IAC] if the defendant establishes there is a reasonable probability that the *outcome of the trial* would have been different if counsel had moved for a substitute judge." *Swan v. State*, 2006 MT 39, ¶ 17, 331 Mont. 188, 130 P.3d 606 (emphasis added).

¶10 Even if we were to assume Johnson's trial counsel was deficient for not moving to substitute the district court judge, Johnson fails to establish he was prejudiced. Johnson asserts that the result of his arraignment and bond hearing would have been different, but he fails to demonstrate the outcome of his guilty verdict at jury trial would have been different if his counsel had moved for a substitute judge.

¶11 Johnson further presents no evidence the district court judge was biased against him. Johnson's only support of his claim comes from his conclusory assertion that this Court should presume bias based on the fact the district court judge knew Johnson's father, which is insufficient to entitle him to an evidentiary hearing. *See Kelly v. State*, 2013 MT 21, ¶ 9,

4

368 Mont. 309, 300 P.3d 120 (quotations omitted) ("[A] petition for postconviction relief must be based on more than mere conclusory allegations . . . . Regarding [IAC claims], we have held that such claims must be grounded upon facts which appear in or are easily deduced from the record . . . .").

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices