ORIGINAL

FILED

08/08/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0402

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0402

NATHAN KING,

Petitioner and Appellant,

v.

PETE BLUDWORTH, WARDEN,
CROSSROADS CORRECTION CENTER,

Respondent and Appellee.

FILED

AUG 0 8 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Nathan King has filed a Petition for Writ of Habeas Corpus, indicating that his incarceration is illegal. He states that he recently learned that he "suffer[s] from dyslexia" and that this "information was unavailable for [his previous] appeal efforts. . . ." King maintains that he was unfairly tried and asserts an affirmative defense argument of justifiable use of force. He states that "[his] [previous] filings should not count against him in any way." He asserts that he is innocent and requests assignment of "counsel for this appeal."

In September 2011, a Cascade County jury found King guilty of felony deliberate homicide for killing Christopher Terrey, and felony aggravated assault of his life partner. King received two consecutive sentences totaling 120 years in the Montana State Prison along with parole eligibility restrictions.

King appealed and raised two issues. *State v. King*, 2013 MT 139, 370 Mont. 277, 304 P.3d 1 (*King I*). King contended the District Court erred by excluding "evidence of justifiable use of force as a defense to the charge of deliberate homicide[.]" *King I*, ¶ 3. He also contended that the court erred by excluding "evidence of the victim's prior mental health history, suicide attempts, and cutting behavior, and [that] this exclusion violate[d] King's Sixth amendment right to compulsory process and confrontation and Fourteenth

Amendment right to due process[.]" *King I,* ¶ 4 (footnote omitted). This Court rejected King's contentions. *King I,* ¶¶ 22-40. We held:

> Contrary to King's assertion, however, the District Court did not preclude a self-defense or justifiable use of force in defense of another claim for "the mere fact" that they were inconsistent with an accident defense. As already explained, there was nothing in the District Court's pretrial order that prevented King from raising a self-defense claim. The order only provided that prior to a jury instruction on self-defense, there would need to be "sufficient facts in the record to find that although the defendant purposely or knowingly caused the death of another he was justified in doing so because he reasonably believed that the use of deadly force was necessary to prevent imminent death or serious bodily harm to himself. . . ."

*King I,* ¶ 24. The District Court also pointed out as a matter of law that as it pertained to the justifiable use of force in defense of another claim, "the defense was not available in a situation involving only two people." *King I,* ¶ 27. "The court therefore concluded that King's act of killing Terrey could not be legally justified on the grounds that King had to use deadly force against Terrey to keep Terrey from killing himself." *King I,* ¶ 27. This Court could not reach the second issue because "King has not referenced any place in the record where he objected on constitutional grounds to the exclusion of the evidence." *King I,* ¶ 38. We affirmed King's conviction.

In February 2014, King filed a petition for postconviction relief with the District Court. The District Court issued an Order dismissing King's petition in May 2015. King timely filed a notice of appeal. *King v. State,* No. DA 15-0374, 2016 MT 85N, 2016 Mont. LEXIS 310 (Apr. 5, 2016) (*King II*). King raised four issues on appeal but this Court only addressed the issue preserved for appeal. *King II,* ¶ 3. King contended "that his attorney's failure to highlight selected portions of the victim's mental health records constituted ineffective assistance of counsel because it prevented those portions from being admitted into evidence[.]" *King II,* ¶ 5. We affirmed the District Court, concluding that the District Court reviewed and decided "that the records were inadmissible[,]" and that "King did not receive ineffective assistance of counsel." *King II,* ¶ 7.

While this appeal was pending, in September 2015, King petitioned this Court for a writ of supervisory control, asking this Court to "'[p]reside over his trial proceedings . . .' and recent postconviction matter." *King v. Eighth Judicial Dist. Ct.*, No. OP 15-0505, Order, at 1 (Mont. Sept. 1, 2015) (*King III*). King requested reversal of his 2011 conviction and "'dismiss[al] of the charges on the grounds of unconstitutional proceedings.'" *King III*, at 1. We denied King's Petition.

This Court has already addressed the arguments King attempts to raise in his current Petition. *King I, King II*, and *King III*. King has had his day in court. His recent diagnosis does not change that. King's Petition is not a substitute for another appeal. King is precluded from raising these issues by way of habeas corpus when he has exhausted the remedy of appeal. Section 46-22-101(2), MCA. King is not entitled to relief. Therefore,

IT IS ORDERED that King's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS ORDERED that King's request for assistance of counsel is DENIED, as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Nathan King personally.

DATED this 8 day of August, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3