DA 07-0017

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 371

MARTIN MARIANO BACA,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 06-0358
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Nancy G. Schwartz, Attorney at Law, Billings, Montana

      For Appellee:

            Hon. Mike McGrath, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

            Dennis Paxinos, Yellowstone County Attorney; Ann-Marie McKittrick,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  August 13, 2008

Decided:  November 10, 2008

Filed:

_____
                     Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Martin Mariano Baca (Baca) appeals from the order entered by the Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief in part. Baca also appeals from the sentence imposed on his conviction for partner or family member assault (PFMA) in the underlying criminal proceeding. We affirm in part, reverse in part and remand for further proceedings.

¶2    Baca raises the following issues:

¶3    1. Did the trial court err in sentencing Baca for a felony PFMA offense instead of a misdemeanor PFMA?

¶4    2. Did the District Court err in denying Baca's postconviction claims based on ineffective assistance of counsel?

## BACKGROUND

¶5    In May of 2004, the State of Montana (State) charged Baca by information with the offense of PFMA, as a result of an altercation which occurred between him and his girlfriend, Laura Davis (Davis). The State charged the PFMA offense as a felony pursuant to § 45-5-206(3), MCA, based on its allegation that Baca had two prior domestic-related assault convictions. Attorney Carl DeBelly (DeBelly) was appointed to represent Baca. Baca pled not guilty to the offense and remained incarcerated in the Yellowstone County Detention Facility (YCDF) throughout the subsequent proceedings. In October of 2004, the State filed an amended information adding a second charge of felony tampering with a witness, alleging

2

Baca had sent Davis a letter in which he attempted to induce her to withhold or change her testimony regarding the pending PFMA charge.

¶6    The case proceeded to a jury trial and the jury returned guilty verdicts on both charges. The trial court subsequently sentenced Baca on both felony counts and entered judgment. Although Baca requested DeBelly to file a notice of appeal, no direct appeal was filed. In April of 2006, Baca petitioned the District Court for postconviction relief, asserting DeBelly had rendered ineffective assistance by failing to: timely file a notice of appeal; assert that the PFMA offense should have been a misdemeanor, rather than a felony; adequately prepare for trial by subpoenaing witnesses and evidence; pursue Baca's allegation that the State had illegally intercepted attorney/client communications; and raise entrapment as a defense against the tampering with a witness charge. Baca also asserted that, because DeBelly rendered ineffective assistance of counsel by failing to file an appeal from the underlying conviction, he was entitled to raise in his postconviction petition all issues which he would have raised on direct appeal, including that certain of the trial court's pretrial rulings were erroneous.

¶7    The District Court held an evidentiary hearing on Baca's petition for postconviction relief at which Baca and DeBelly both testified. The court subsequently entered its order granting portions of Baca's petition and denying other portions. The court determined DeBelly had rendered ineffective assistance of counsel by failing to preserve Baca's right to appeal from the underlying conviction, thus entitling Baca to raise in his petition any issues

3

he would have raised in a direct appeal. The District Court denied all of Baca's remaining claims of ineffective assistance of counsel and trial court error. Baca appeals.

## STANDARD OF REVIEW

¶8 We review a district court's denial of a postconviction relief petition to determine whether its findings of fact are clearly erroneous and its conclusions of law are correct. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, ¶ 9, 183 P.3d 861, ¶ 9. A defendant's claims of ineffective assistance of counsel constitute mixed questions of law and fact which we review de novo. *Whitlow*, ¶ 9.

## DISCUSSION

¶9 ***1. Did the trial court err in sentencing Baca for a felony PFMA offense instead of a misdemeanor PFMA?***

¶10 Baca asserted in his postconviction relief petition that DeBelly was ineffective in failing to argue during the underlying criminal proceeding that the PFMA offense should be charged as a misdemeanor, rather than a felony. Section 45-5-206(3)(a)(iv), MCA, provides that a third or subsequent PFMA conviction is punishable as a felony. In determining the number of an offender's prior PFMA convictions, a court may consider a "conviction for a violation of a similar statute in another state . . . ." Section 45-5-206(3)(b)(i), MCA. As stated above, the State alleged in the information charging Baca with felony PFMA that Baca had two prior domestic-related assault convictions.

¶11 The presentence investigation report (PSI) prepared for the sentencing hearing indicated that Baca had been convicted of PFMA in the Billings, Montana, Municipal Court in 2004 and Baca does not dispute this conviction. The PSI further indicated that Baca had

4

been convicted of a felony domestic abuse offense in South Dakota in 1999. In support of his postconviction relief petition, Baca presented evidence establishing that the 1999 conviction had been overturned and he later was convicted of a lesser charge of misdemeanor disorderly conduct. Baca asserted he had informed DeBelly of this information, but DeBelly failed to challenge the number of prior convictions in the trial court.

¶12 DeBelly testified at the postconviction hearing that he investigated Baca's criminal history prior to trial in the underlying proceeding and was aware that Baca's 1999 South Dakota felony conviction had been overturned. He further testified, however, that he also discovered Baca had been convicted in South Dakota in 1997 of misdemeanor simple assault as a result of a domestic-related incident and DeBelly believed the 1997 conviction was sufficient to constitute the requisite second offense for purposes of enhancing Baca's current offense to a felony. The District Court agreed that the 1997 South Dakota simple assault conviction should be considered a prior PFMA conviction under § 45-5-206(3)(b)(i), MCA. Thus, the court concluded Baca was correctly charged with felony PFMA and DeBelly was not ineffective in failing to challenge the existence of the requisite prior offenses. Baca asserts error with regard to both of these conclusions.

¶13 In its response brief on appeal, the State reiterates its concession in the District Court that Baca's 1999 conviction could not be used to enhance his current PFMA offense to a felony. The State also concedes that, in light of the circumstances of this case, the District Court erred in concluding that Baca's 1997 South Dakota simple assault conviction should

be considered a prior PFMA conviction under the § 45-5-206(3), MCA, enhancement provisions. Thus, the State agrees that Baca's conviction of PFMA in the underlying proceeding was only his second conviction, and that Baca should receive only a misdemeanor sentence. Finally, the State asserts that, based on its concession that Baca should be resentenced to a misdemeanor PFMA, we need not address his argument that DeBelly was ineffective for failing to raise this issue in the trial court. We agree.

¶14 In light of the State's concessions, we reverse the District Court's determination that Baca correctly was sentenced to a felony PFMA offense, and remand with instructions to vacate Baca's sentence for felony PFMA and sentence him for the misdemeanor offense of PFMA.

¶15 ***2. Did the District Court err in denying Baca's postconviction claims based on ineffective assistance of counsel?***

¶16 A criminal defendant's right to counsel is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, as well as Article II, Section 24 of the Montana Constitution. *Whitlow*, ¶ 10. When analyzing claims of ineffective assistance of counsel, we apply a two-prong test which requires a defendant asserting such claims to establish that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Whitlow*, ¶ 10. A defendant must satisfy both prongs of this test and, if an insufficient showing is made on one prong, we need not address the other prong. *Whitlow*, ¶ 11. A defendant bears a heavy burden in seeking to overturn a district court's denial of postconviction relief based on ineffective assistance of counsel claims. *Whitlow*, ¶ 21. Furthermore, "[a] petitioner claiming ineffective assistance of counsel must ground his

6

or her proof on facts within the record and not on conclusory allegations." *Ford v. State*, 2005 MT 151, ¶ 7, 327 Mont. 378, ¶ 7, 114 P.3d 244, ¶ 7.

¶17    In addressing counsel's performance under the first prong of the ineffective assistance of counsel test, we analyze "whether counsel's conduct fell below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Whitlow*, ¶ 20. We indulge a strong presumption that counsel's actions fell within the broad range of reasonable professional assistance, however, and a defendant must overcome the presumption that, under the circumstances, the challenged act or omission might be considered sound trial strategy. *Whitlow*, ¶ 21. The second prong of the test requires a defendant to demonstrate a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Hagen*, 2002 MT 190, ¶ 18, 311 Mont. 117, ¶ 18, 53 P.3d 885, ¶ 18.

¶18    Baca contends the District Court erred in denying four of his claims that DeBelly rendered ineffective assistance of counsel. We address each of the claims in turn.

### a.  failure to subpoena medical records and present witness testimony regarding Baca's assertions that Davis suffered from epilepsy and had experienced a seizure during the altercation in question, and that she had a habit of escalating confrontations

¶19    Baca asserts he informed DeBelly prior to trial that he wished to raise in defense that Davis suffered from epilepsy and fell down during the altercation not because he struck her, but because she suffered an epileptic seizure. He further asserts that he requested DeBelly to subpoena Davis's medical records to support that defense and DeBelly failed to do so. He

argues, therefore, that DeBelly's failure to investigate Davis's medical records constituted deficient performance and ineffective assistance of counsel.

¶20    As stated above, we indulge a strong presumption that counsel's actions fell within the broad range of reasonable professional assistance and Baca bears a heavy burden in seeking to overturn the District Court's denial of his postconviction ineffective assistance of counsel claims. *Whitlow*, ¶ 21. Furthermore, his claim of ineffective assistance of counsel must be grounded on facts within the record and not on conclusory allegations. *Ford*, ¶ 7. Baca presented no evidence at the postconviction hearing supporting his assertions that Davis suffered from epilepsy and that her medical records would have proven her epileptic condition. In the absence of evidence supporting his claim, we conclude Baca has not established that DeBelly's failure to subpoena Davis's medical records constituted deficient performance.

¶21    Baca also contends that DeBelly provided ineffective assistance by failing to present testimony from William Brender (Brender), who had a relationship with Davis prior to Baca. Brender was available to testify at the time of trial, but DeBelly did not call him as a witness. Baca asserts Brender would have testified in support of his allegations that Davis suffered from epilepsy and had a habit of escalating confrontations. He contends the testimony would have supported his defense of justifiable use of force.

¶22    The trial court conducted several discussions with the parties throughout the trial, outside the jury's presence, regarding the content of Brender's potential testimony. The trial court eventually ruled that Brender's testimony regarding instances of Davis's prior conduct

8

was inadmissible under M. R. Evid. 608. The trial court also noted that aspects of Brender's proposed testimony would open the door to the State presenting evidence regarding previous incidents between Baca and Davis.

¶23 DeBelly testified at the postconviction hearing that he ultimately decided against calling Brender as a witness at trial based on the trial court's evidentiary ruling. He also testified he feared Brender's testimony would be more damaging than helpful because it would open the door to admitting evidence of prior incidents between Baca and Davis, as well as the fact that Brender himself previously had been convicted of a domestic-related offense against Davis.

¶24 Under the first prong of the ineffective assistance of counsel test, Baca must establish that DeBelly's conduct fell outside the broad range of reasonable professional assistance and must overcome the presumption that, under the circumstances, the challenged act or omission might be considered sound trial strategy. *Whitlow*, ¶ 21. Assessing DeBelly's conduct in not calling Brender as a witness in light of the trial court's evidentiary ruling and DeBelly's concern regarding the potential harmful effects of Brender's testimony, we conclude DeBelly's conduct could be considered sound trial strategy and, thus, it did not fall below an objective standard of reasonableness. We further conclude, therefore, that Baca has failed to establish under the first prong of the ineffective assistance of counsel test that DeBelly rendered deficient performance in this respect.

> ***b. failure to secure photographic evidence and present witness testimony regarding alleged injuries to Baca's neck inflicted by Davis during the altercation***

9

¶25 Baca relied on justifiable use of force as a defense to the PFMA charge, contending that Davis grabbed him by the throat first and he accidently struck her while attempting to remove her hands. On the night of his arrest, and for several weeks thereafter, he made requests to YCDF personnel to take photographs of his neck to preserve alleged evidence of bruises and scratches on his neck. No photographs were taken. He also testified at the postconviction hearing that DeBelly did not initially contact him until two months after his arrest, by which time the evidence of bruises and scratches had disappeared. Baca also asserted that he requested DeBelly to call Abran Rascon (Rascon), a man who was incarcerated in the YCDF with Baca, to testify as to his knowledge of the bruises and scratches on Baca's neck.

¶26 Baca's mug shot photograph, taken on the night of his arrest, was admitted into evidence at trial. Additionally, DeBelly elicited testimony from Davis that early in the altercation between her and Baca, she grabbed Baca by the shirt collar and may have had her hands on his neck. DeBelly testified at the postconviction hearing that he believed the mug shot adequately depicted injuries to Baca's neck and that, together with Davis's testimony, Baca's assertion that he acted in self-defense was supported. DeBelly believed that further photographic evidence would have been cumulative at best. DeBelly further testified that he attempted to locate Rascon prior to trial, but was unable to do so.

¶27 The first prong of the ineffective assistance of counsel test requires Baca to establish DeBelly's conduct fell below an objective standard of reasonableness and to overcome the strong presumption that counsel's actions fell within the broad range of reasonable

10

professional assistance. *Whitlow,* ¶¶ 20-21. Here, DeBelly presented evidence and testimony which supported Baca's allegation that he acted in self-defense. We conclude Baca has failed to establish that DeBelly rendered deficient performance by not presenting additional evidence on that issue. Furthermore, with regard to DeBelly's failure to present testimony from Rascon, we will not determine trial counsel's performance is deficient where counsel made reasonable efforts to locate a witness for trial, but was unable to do so. *Williams v. State,* 2002 MT 189, ¶ 18, 311 Mont. 108, ¶ 18, 53 P.3d 864, ¶ 18.

¶28 We conclude Baca has failed to establish that DeBelly rendered ineffective assistance of counsel by failing to secure photographic evidence and present witness testimony regarding alleged injuries to Baca's neck inflicted by Davis during the altercation.

### c. failure to raise entrapment as a defense against the tampering with a witness charge and to secure evidence in support of that defense

¶29 The State charged Baca with felony tampering with a witness based on allegedly threatening statements he made in a letter to Davis while incarcerated in the YCDF. Both Baca and Davis testified at the underlying trial that they exchanged numerous letters and telephone calls during Baca's incarceration, and that Davis visited Baca at the YCDF several times. Prior to trial, Baca requested DeBelly to subpoena records of the telephone calls he made to Davis from the YCDF because he believed the records would support his assertion that the letter on which the State relied for the charge, when viewed in context with all of the couple's communications, would be seen by the jury as simply an offer to Davis to strengthen their relationship rather than a threat. Baca also asserts that the telephone records would have supported an entrapment defense to the charge. DeBelly neither subpoenaed the

11

telephone records nor presented an entrapment defense at trial, and Baca contends that this failure constituted ineffective assistance of counsel.

¶30    As stated above, both Baca and Davis testified at trial concerning their numerous communications while Baca was incarcerated, including telephone calls. Additionally, several of the letters which the couple exchanged were introduced into evidence at trial. Baca presented no evidence at the postconviction hearing indicating what additional information regarding the couple's communications the telephone records would have presented to the jury. Nor did he provide any evidence, beyond his conclusory assertions, that the telephone records would have supported an entrapment defense. We conclude Baca has failed to establish that DeBelly's failure to subpoena the telephone records and present an entrapment defense constituted deficient performance.

¶31    Baca also makes a cursory argument that DeBelly rendered ineffective assistance by failing to object in the trial court to the State's untimely disclosure of other evidence only days before trial. Baca fails to identify this "other evidence," however, or to establish that the untimely disclosure prejudiced his ability to present his defense. As stated above, Baca must base the proof of his ineffective assistance of counsel claim on facts within the record and not on conclusory allegations. *Ford*, ¶ 7.

¶32    We conclude Baca has failed to establish DeBelly rendered ineffective assistance of counsel by failing to raise entrapment as a defense against the tampering with a witness charge and to secure evidence in support of that defense.

> **d.  failure to pursue Baca's allegation that the State had illegally intercepted attorney/client communications**

12

¶33     While Baca was incarcerated in the YCDF, he wrote several letters to DeBelly using a computer made available to the inmates. At some point prior to trial, Baca informed DeBelly that someone at the YCDF had accessed and copied those letters, and requested DeBelly to pursue a claim that the State had violated his right to counsel under the Sixth Amendment to the United States Constitution by intercepting privileged attorney/client communications. In its order on the postconviction relief petition, the District Court determined Baca's evidence showed that "[i]t appears someone perhaps recovered these letters from the computer Baca used at [the YCDF]," but Baca had not established that the State had received or improperly used the letters to change the outcome of trial. Baca asserts the District Court's determination is erroneous and that DeBelly's failure to move to dismiss the charges based on this alleged Sixth Amendment violation constituted ineffective assistance of counsel.

¶34     Baca relies on *United States v. Levy*, 577 F.2d 200 (3d Cir. 1978), in support of his argument that the interception of his letters to DeBelly was a *per se* violation of his Sixth Amendment right to counsel which supported dismissal of the charges against him regardless of whether the violation actually resulted in any prejudice to him. His reliance is misplaced.

¶35     There, the Third Circuit Court of Appeals stated that "the inquiry into prejudice must stop at the point where attorney-client confidences are actually disclosed to the government enforcement agencies responsible for investigating and prosecuting the case." *Levy*, 577 F.2d at 209. Pursuant to *Levy*, therefore, prejudice from the disclosure of attorney/client

13

communications may be presumed, but it must be established that disclosure to the investigators and prosecutors acting in the case actually occurred.

¶36 Here, Baca testified at the postconviction hearing that he did not know who at the YCDF accessed his letters on the computer. Furthermore, he presented no evidence that the government personnel who investigated and prosecuted the charges against him in the underlying case were provided with, viewed or used the letters or any information contained in the letters. He merely speculates that "[o]nly the State or agents of the State could have recovered these letters." "A petitioner claiming ineffective assistance of counsel must ground his or her proof on facts within the record and not on conclusory allegations." *Ford*, ¶ 7. We conclude Baca has failed to establish that his letters to DeBelly actually were disclosed to the investigators and prosecutors working on the underlying criminal case against him and, therefore, has failed to establish that a Sixth Amendment violation occurred which would have warranted dismissal of the charges against him. As a result, we further conclude that DeBelly's failure to pursue the alleged Sixth Amendment violation in the trial court did not result in prejudice to Baca's defense so as to constitute ineffective assistance of counsel.

¶37 We conclude Baca has failed to establish that any of DeBelly's alleged acts or omissions constituted ineffective assistance of counsel. We hold, therefore, that the District Court did not err in denying Baca's postconviction claims based on ineffective assistance of counsel.

14

¶38 Affirmed in part, reversed in part and remanded for resentencing on the PFMA conviction as a misdemeanor offense.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS