DA 12-0558

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 212N

DANIEL J. WOODS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 12-930
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Daniel J. Woods (self-represented), Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Katie F. Schulz, Assistant
Attorney General, Helena, Montana

          Fred R. Van Valkenberg, Missoula County Attorney; Susan E. Boylan,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  July 10, 2013
Decided:  July 30, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1       Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2       Daniel J. Woods appeals the District Court's August 13, 2012, Opinion and Order dismissing his petition for postconviction relief.  We affirm.

¶3       In 2010 Woods agreed to plead guilty to incest (§ 45-5-507, MCA) in return for a recommended sentence of 40 years with 15 years suspended.  The District Court's sentence provided that Woods would not be eligible for parole during the first 25 years as provided in § 45-5-507(5), MCA, and that the exceptions to mandatory minimum sentences in § 46-18-222, MCA, did not apply.  Woods appealed and this Court affirmed.  *State v. Woods*, 2012 MT 11N, 364 Mont. 549.  Woods subsequently moved to withdraw his guilty plea.  The District Court denied that motion and Woods did not appeal.

¶4       In August 2012, Woods filed a petition for postconviction relief asserting that his attorney had provided ineffective assistance during the plea and sentencing proceedings.  Woods contends that his attorney failed to contact persons who could testify to his good character; failed to advise him of the statutory 25-year restriction on parole eligibility; told him he would be eligible for parole after serving one-quarter of the sentence; failed to request a hearing on inaccuracies in the presentence report; and failed to request additional time to respond to the State's sentencing memorandum.  As in his prior direct appeal and his

2

motion to withdraw the guilty plea, Woods seeks to overturn the restriction on his parole eligibility.

¶5 The District Court found that Woods had ample opportunity to respond to the State's sentencing memorandum; that when Woods changed his plea to guilty he was expressly informed that the District Court could restrict his parole eligibility; and that Woods' attorney did challenge information in the presentence report. Further, the District Court determined that Woods' claims had either been addressed on direct appeal, or could have been addressed on direct appeal, and were therefore barred by § 46-21-105(2), MCA (barring postconviction relief claims that were or could have been raised on direct appeal). Last, Woods' allegations were supported only by his own conclusory statements, which are insufficient to support a petition for postconviction relief. *Kelly v. State*, 2013 MT 21, ¶ 9, 368 Mont. 309, 300 P.3d 120.

¶6 Woods did not meet the heavy burden of establishing that his attorney was ineffective, and has not established that the District Court erred in denying his petition for postconviction relief. *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948; *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are controlled by settled Montana law, which the District Court correctly interpreted.

¶8 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS