

DA 13-0168

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 350N

JAMES MAIN, JR.,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DV 11-094
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          James Main, Jr., self-represented; Shelby, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General; Dan Guzynski, Special Deputy Hill
County Attorney; Helena, Montana

          Gina Dahl, Hill County Attorney; Havre, Montana

Submitted on Briefs:  October 16, 2013
Decided:  November 19, 2013

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 James Main, Jr., (Main) appeals the order of the Twelfth Judicial District Court, Hill County, denying his petition for postconviction relief. We affirm.

¶3 In February 2009, a jury convicted Main of deliberate homicide. Main appealed his conviction to this Court, and we affirmed in *State v. Main*, 2011 MT 123, ¶ 1, 360 Mont. 470, 255 P.3d 1240. We concluded, *inter alia*, that the ineffective assistance of counsel claims Main raised would be more appropriately addressed in a postconviction proceeding. *Main*, ¶ 50. In April 2012, Main sent a letter to the District Court in which he requested counsel and made complaints about his trial and appellate counsel. The District Court construed the letter as a petition for postconviction relief. The State responded to the petition in July 2012. After the District Court issued a *Gillham* Order, Main's trial lawyer, Kenneth Olson (Olson), filed an affidavit addressing Main's claims. The State filed a supplemental response in December 2012 after reviewing Olson's affidavit. Main filed a reply to the State's supplemental response on December 21, 2012, and the District Court denied Main's motion for postconviction relief and his request for counsel on January 4, 2013.

2

¶4     A restatement of the dispositive issue on appeal is whether the District Court erred in denying Main's petition for postconviction relief.

¶5     In his petition for postconviction relief, Main alleged that Olson was ineffective for failing to call Main to testify and failing to present proper evidence to the jury. He further alleged that Olson had a conflict of interest, did not provide adequate pre-trial preparation, and did not adequately cross-examine witnesses. On appeal, Main argues: (1) that his trial and appellate counsel were ineffective because they failed to address prosecutorial misconduct and judicial bias; (2) that "defense counsel failed to investigate and effectively present potentially exculpatory evidence"; and (3) that he did not have, and could not have had, an impartial jury and fair trial given the racial profiling and media bias in his case.

¶6     The State counters that the District Court correctly denied Main's petition because it failed to comply with the pleading requirements for such petitions under § 46-21-104(2), MCA. The State argues the petition failed to clearly set forth the claims that were raised and was not accompanied by supporting documentation as required by statute. The State further argues that Main's claims on appeal should be rejected because they are insufficiently pleaded and lack sufficient support in the record. The State points out that only the claim that trial counsel failed to adequately investigate and present exculpatory evidence was preserved in the trial court.

¶7     The standard of review of a district court's disposition of a petition for postconviction relief is whether the district court's findings of fact are clearly

3

erroneous and whether its conclusions of law are correct. *State v. Beach*, 2013 MT 130, ¶ 8, 370 Mont. 163, 302 P.3d 47 (citation omitted). "A defendant bears a heavy burden in seeking to overturn a district court's denial of postconviction relief based on ineffective assistance of counsel claims" and "must ground his or her proof on facts within the record and not on conclusory allegations." *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948 (internal quotations and citations omitted).

¶8 The District Court concluded Main's petition did not meet the procedural requirements for a petition for postconviction relief because Main did not identify the proceedings in which he was convicted or include the date of the final judgment. Moreover, he only made conclusory statements in support of his allegations and did not attach any of the required materials, such as affidavits, records, or other evidence substantiating his claims. The District Court concluded Main's "petition fails as a matter of law for failure to state a claim for relief because it is insufficiently plead and lacks the statutory requirements for a petition for postconviction relief, pursuant to Mont. Code Ann. § 46-21-104(1)." The District Court did not err in concluding that Main failed to satisfy the heavy burden imposed when seeking postconviction relief based on ineffective assistance of counsel.

¶9 Moreover, the State correctly points out that two of the three claims Main raises on appeal were not raised in the District Court. Thus, we decline to address these claims. *See* § 46-21-105(1)(a), MCA ("All grounds for relief claimed by a

4

petitioner under 46-21-101 must be raised in the original or amended original petition."). The remaining claim is conclusory and fails to meet the requirements for a claim brought in a postconviction relief petition.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶11 For the foregoing reasons, we affirm the District Court's decision.

/S/ PATRICIA COTTER

We concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER
/S/ BRIAN MORRIS