FILED

December 22 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0106

DA 14-0106

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 348N

JEREMY BUETTNER,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:     District Court of the Twenty-Second Judicial District,
In and For the County of Big Horn, Cause No. DV 13-37
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Koan Mercer, Assistant Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Pamela P. Collins,
Assistant Attorney General; Helena, Montana

          Gerald Jay Harris, Big Horn County Attorney, David H. Sibley, Deputy
County Attorney; Hardin, Montana

Submitted on Briefs:  November 12, 2015
Decided:  December 22, 2015

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jeremy Buettner appeals an order by the Twenty-Second Judicial District Court, Big Horn County, denying his petition for post-conviction relief. We address whether the District Court abused its discretion in deciding not to hold an evidentiary hearing on Buettner's petition, and whether it erred in concluding that Buettner did not have a meritorious ineffective-assistance-of-counsel claim. We affirm.

¶3 In November 2011, the State charged Buettner with three misdemeanor offenses and a felony DUI. In February 2012, Buettner signed a plea agreement under § 46-12-211(1)(c), MCA. Buettner pled guilty to an amended charge of criminal endangerment, and the parties agreed to a sentence recommendation of five years at Montana State Prison (MSP). The plea agreement stated that the court "is not bound by[] a plea agreement." It further provided: "A defendant may withdraw a plea of guilty on a charge only if that was specifically to be allowed under the terms of the agreement, if the court does not follow the sentence recommended."

¶4 In conjunction with the plea agreement, Buettner signed an "Acknowledgement of Waiver of Rights by Plea of Guilty" (Acknowledgment). The Acknowledgement

2

indicated that the "maximum possible punishment" for criminal endangerment is a one-hundred-year commitment to MSP and a $50,000 fine. It further provided:

> Having fully discussed the terms of the plea agreement with my attorney, it is my express and voluntary decision to enter into the plea agreement with the State. I understand that the [District] Court may not participate in the making of a plea agreement and is not bound by the terms and conditions thereof. I further understand that, under a §[ ]46-12-211(1)(c) plea agreement, the [District] Court is free to impose any lawful sentence which may be imposed for the offense(s) to which I have pled guilty and, if the [District] Court imposes a sentence greater than that recommended in the plea agreement, I would ***not*** be allowed to withdraw my guilty plea(s) as a matter of law.

(Emphasis in original).

¶5 Prior to accepting Buettner's guilty plea, the District Court conducted a plea colloquy. The District Court advised Buettner that he had the right to a trial and explained his trial rights. It also informed Buettner that, by entering a guilty plea, he would "give up or waive" his right to a trial. The court asked Buettner whether he had read the plea agreement, discussed it with his attorney, understood and agreed to everything it contained, and whether it was "voluntarily made." Buettner responded: "Yes, Your Honor." The court also asked Buettner whether he understood that, "under the persistent offender statutes[,] the maximum possible sentence is a minimum of five years and maximum of 100 years together with a $50,000 fine." Buettner responded: "Yes, sir." Buettner confirmed he understood that, by pleading guilty to criminal endangerment, he would waive the right to appeal any finding of guilt on that charge. The District Court explained:

> What's important for you to understand, Mr. Buettner, is the [District] Court does not participate in the making of plea agreements and the

[District] Court's not bound by the terms and conditions thereof. Under [§] 46-12-211 (1)(c) of the Montana Code, the [District] Court is free to impose any lawful sentence that could be imposed for the offense to which you pled guilty. If the [District] Court did impose a sentence greater than recommended in the plea agreement, you would not be allowed to withdraw your guilty plea as a matter of law. Do you understand all of that?

Buettner replied: "Yes, Your Honor." After Buettner confirmed that he was not physically or mentally ill, the District Court accepted his guilty plea.

¶6 On November 19, 2012, the District Court held a sentencing hearing. At the close of the hearing, the court sentenced Buettner to ten years at MSP, with no time suspended, to run concurrent with an earlier-imposed sentence for a separate conviction. The court memorialized this sentence in writing in a December 19, 2012 order.

¶7 Meanwhile, on December 3, 2012, Buettner filed a pro-se motion to correct his sentence or withdraw his guilty plea. Buettner contended that, when he pled guilty, he was under the impression that his plea agreement was made under § 46-12-211(1)(b), MCA. The District Court denied his motion. Buettner filed a pro-se notice of appeal to this Court and a motion for appointment of counsel on appeal. We denied Buettner's motion for appointment of counsel and dismissed Buettner's appeal with prejudice because he failed to file an opening brief.

¶8 On June 24, 2013, Buettner filed a pro-se petition for an out-of-time appeal and a motion for appointment of counsel. We denied Buettner's petition and declined to address his request for counsel. We concluded that Buettner failed to make a showing of extraordinary circumstances that would amount to a gross miscarriage of justice if his appeal were denied.

4

¶9 On August 28, 2013, Buettner filed a petition for post-conviction relief. Buettner claimed he was entitled to relief because his attorney failed to file his requested motion to withdraw his guilty plea or notice of appeal. On January 29, 2014, the District Court issued an order denying Buettner's petition. The court noted that many of Buettner's claims were repetitive of claims made in his out-of-time appeal and appeal regarding his motion to withdraw his guilty plea. It nonetheless addressed Buettner's claims of ineffective assistance of counsel, concluding that Buettner did not show that any alleged deficiencies of counsel reasonably would have produced a different result at trial. The court further concluded that, by voluntarily and knowingly entering his guilty plea, Buettner waived all claims of error and constitutional violations that occurred before he entered his plea. Buettner appeals.

¶10 "We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *Beach v. State*, 2009 MT 398, ¶ 14, 353 Mont. 411, 220 P.3d 667. We review de novo a defendant's claims of ineffective assistance of counsel. *Baca v. State*, 2008 MT 371, ¶ 8, 346 Mont. 474, 197 P.3d 948. "We review discretionary rulings in post-conviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion." *Beach*, ¶ 14.

¶11 Under § 46-12-211(1)(c), MCA, parties may enter into an agreement directing the prosecutor to "make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that the recommendation or request may not be binding upon the court." Before accepting the plea, "the court shall advise the

5

defendant that, if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw the plea." Section 46-12-211(2), MCA. "It is well settled that a plea of guilty which is voluntary and understandingly made . . . constitutes a waiver of nonjurisdictional defects and defenses, including claims of constitutional violations which occurred prior to the plea." *State v. Spotted Blanket*, 1998 MT 59, ¶ 15, 288 Mont. 126, 955 P.2d 1347.

¶12 Buettner contends he was unaware that his plea agreement was not binding on the court and that he would be unable to withdraw it. According to Buettner, he believed he was signing a plea agreement under § 46-12-211(1)(b), MCA, because that subsection mistakenly was circled and then crossed out in his plea agreement. However, subsection (1)(c) was circled in both the plea agreement and the Acknowledgement. The Acknowledgment provided that Buettner's decision to enter a guilty plea was "express and voluntary," that he had discussed the agreement with his attorney, and that he understood the court was not bound to the conditions of a § 46-12-211(1)(c), MCA, agreement. Buettner confirmed that his plea was voluntary at the plea colloquy. He also confirmed he understood that his plea agreement was not binding on the court and that he could not withdraw it once entered. The District Court complied with § 46-12-211(2), MCA, by advising Buettner of the nature of his guilty plea. It also inquired into Buettner's relationship with his counsel and understanding of his plea. The District Court did not err in concluding that Buettner knowingly and voluntarily entered his guilty plea.

¶13 Buettner also contends that the District Court erred in determining that he did not have a meritorious ineffective-assistance-of-counsel claim without first holding an

6

evidentiary hearing. Buettner contends that his counsel's alleged misconduct occurred during private conversations and that the District Court erred in relying on counsel's affidavit. Under § 46-21-201(1)(a), MCA, after reviewing the State's response to a petition for post-conviction relief, a district court "may dismiss the petition as a matter of law for failure to state a claim for relief." "In its discretion, the court may order the petitioner brought before the court for the hearing." Section 46-21-201(5), MCA. The District Court did not hold an evidentiary hearing because Buettner could not withdraw his guilty plea under the terms of the plea agreement; therefore, he could not state a claim for relief. At the plea colloquy, the court explained to Buettner that his guilty plea was not binding on the court and that he would be unable to withdraw it. Buettner testified that he understood and voluntarily entered his guilty plea. The court's consideration of counsel's affidavit was not necessary to its decision. The District Court did not abuse its discretion in deciding not to hold an evidentiary hearing before dismissing Buettner's petition for post-conviction relief because Buettner failed to state a claim for relief.

¶14     Buettner also appeals the District Court's determination that he did not have a meritorious ineffective-assistance-of-counsel claim. In reviewing a claim of ineffective assistance of counsel, we apply a two-prong test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. To prevail, a defendant must prove both "(1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense." *Whitlow*, ¶ 10. Under the second prong, "[i]n the context of a guilty plea, prejudice is established if the petitioner demonstrates that, but for

7

his counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial." *State v. Wright*, 2001 MT 282, ¶ 11, 307 Mont. 349, 42 P.3d 753. Under § 46-12-211(1)(c), MCA, Buettner could not withdraw his knowingly and voluntarily-entered guilty plea. If counsel had acted on Buettner's alleged request to withdraw his plea, that action would have been unsuccessful. Counsel's alleged refusal to file a motion to withdraw Buettner's plea thus was not deficient. The District Court did not err in dismissing Buettner's ineffective-assistance-of-counsel claim.

¶15 Likewise, Buettner could not have appealed his guilty plea merely because the sentence was greater than the plea agreement's sentence recommendation. For the same reasons that counsel's alleged refusal to file a motion to withdraw Buettner's plea was not deficient, nor was his alleged refusal to file an appeal. The District Court did not err in determining that Buettner's counsel was not ineffective for failing to file a notice of appeal.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct, and its decision not to hold an evidentiary hearing was not an abuse of discretion. The District Court did not err in denying Buettner's petition for post-conviction relief. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE