FILED

02/20/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0138

DA 17-0138

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 29N

CAMMERON BULLSHOE,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV 15-604(b)
Honorable Elizabeth Best, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Scott Albers, Attorney at Law, Great Falls, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Joshua Racki, Cascade County Attorney, Susan Weber, Chief Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs: December 13, 2017

Decided: February 20, 2018

Filed:

_____
             Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Cammeron Bullshoe appeals from an order of the Eighth Judicial District Court, Cascade County, dismissing his petition for postconviction relief ("PCR"). The issue on appeal is whether the District Court erred in denying Bullshoe's PCR petition. We affirm.

¶3 In May 2013, the State charged Bullshoe with fifteen counts of sexual abuse of children, one count of felony intimidation, and one count of misdemeanor obscenity. In March 2014, Bullshoe, represented by counsel Jeff Olson, reached a plea agreement with the State in which Bullshoe pled guilty to one count of sexual abuse of children, in violation of § 45-5-625(d), MCA, and the State dismissed the remaining charges, including the other fourteen counts of sexual abuse of children. The State agreed to not file additional charges of possession of child pornography. The State also agreed to recommend a sentence of eighty years with fifty-five years suspended. Each count of sexual abuse of children carried a maximum 100-year prison sentence with no parole eligibility for twenty-five years or life imprisonment. Section 45-5-625(2)(a), MCA. In May 2014, after a review of the presentence investigation report, letters in support of Bullshoe, recommendations from counsel, and Bullshoe's personal statement, the District Court sentenced Bullshoe to fifty

years with twenty-five years suspended and no restrictions on parole eligibility. Bullshoe did not timely apply for sentence review, and he did not appeal.

¶4    In July 2015, Bullshoe filed a PCR petition pro se. In October 2016, Bullshoe filed his Amended Petition through new counsel. Bullshoe raised three claims in his Amended Petition: (1) ineffective assistance of trial counsel ("IAC") for failing to call character witnesses at sentencing; (2) IAC for failing to investigate and interview witnesses for sentencing; and (3) that his sentence is unconstitutionally excessive because no witnesses testified on his behalf at sentencing. His Amended Petition attached affidavits from Bullshoe's alleged potential witnesses, but he did not attach a memorandum in support. In December 2016, Olson submitted an affidavit in response to Bullshoe's IAC claims as ordered by the District Court.

¶5    The District Court dismissed Bullshoe's petition, ruling that he had not proved by a preponderance of the evidence that he is entitled to the requested relief and that his claims are either procedurally barred in that they could have been raised on direct appeal, § 46-21-105(2), MCA; *State v. Gorder*, 243 Mont. 333, 792 P.2d 370 (1990), or are mere conclusory allegations not supported by any facts or evidence, *Beach v. State*, 2009 MT 398, ¶ 16, 353 Mont. 411, 220 P.3d 667. Before detailing its analysis, the District Court noted that "Bullshoe did not comply with § 46-21-102(1)(a), MCA, requiring a supporting memorandum and citations and discussions of authorities with respect to his original Petition and his Amended Petition. Accordingly, the Court can summarily dismiss the Amended Petition for failure to state a claim."

3

¶6      We review a district court's denial of a petition for PCR to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118.  Discretionary rulings made by the district court in a PCR proceeding, including rulings on whether to hold an evidentiary hearing, are reviewed for an abuse of discretion. *Heath*, ¶ 13.  Mixed questions of law and fact presented by IAC claims are reviewed de novo.  *Heath*, ¶ 13.

¶7      We apply a two-prong test to review IAC claims.  *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).  A PCR petitioner claiming IAC has the burden to show by a preponderance of the evidence that:  (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948; *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064.  Trial counsel's performance is deficient if it falls "below an objective standard of reasonableness measured under prevailing professional norms and in light of surrounding circumstances." *Whitlow v. State*, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d 861.  A strong presumption exists that counsel's actions were within the broad range of professional assistance.  *Baca*, ¶ 17.  To establish prejudice by counsel's deficient performance, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.  *Baca*, ¶ 17.  A petitioner must satisfy both prongs of the test to prevail.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.  If a petitioner fails to prevail on one prong, we are not obligated to address the other. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

¶8     The District Court held, and we agree, that the record reflects that Bullshoe was skillfully represented by Olson. Olson reached an agreement with the State that resulted in the dismissal of all but one charge and a recommendation for a lower sentence. At sentencing, Olson persuaded the sentencing court to sentence Bullshoe to thirty years *less* than the State's recommended sentence. Olson's representation did not result in Bullshoe receiving the sentence he bargained for—he received a substantially better sentence than what he bargained for. The District Court correctly concluded that Bullshoe's counsel's conduct was within the bounds of reasonable professional conduct under *Strickland*.

¶9     Finally, Bullshoe cursorily argues on appeal that the affidavits attached to his Amended Petition were sufficient evidence to entitle him to an evidentiary hearing. The State responds that Bullshoe's assertions that he was entitled to an evidentiary hearing are barred because he never asked for a hearing and now raises the issue for the first time on appeal. *See State v. Wetzel*, 2005 MT 154, ¶ 13, 327 Mont. 413, 417, 114 P.3d 269, 272 ("It is well-established that this Court will not address either an issue raised for the first time on appeal or a party's change in legal theory."). We determine the District Court did not abuse its discretion in dismissing his petition without an evidentiary hearing; the District Court's order provides sufficient rationale as to why his claims are summarily dismissed and adequately addressed each of Bullshoe's claims. *Marble v. State*, 2015 MT 242, ¶ 38, 380 Mont. 366, 355 P.3d 742.

¶10     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of

5

applicable standards of review.  After reviewing Bullshoe's Amended Petition, affidavits, and the record in this case, we determine the District Court's interpretation and application of the law were correct, its findings of fact are not clearly erroneous, and its ruling was not an abuse of discretion.

¶11    Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE